UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT M. AND HIMANSHU H.,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00241-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 8) after granting Petitioners Mohit M. and Himanshu H.'s ("Petitioners") ex-parte Motion for Temporary Restraining Order ("TRO") (ECF No. 5). Respondents filed a response and did not request a hearing. (ECF No. 10.) For the reasons set forth below, the Court issues a preliminary injunction.

### I. Factual Background[1]

Petitioners are citizens of India who fled their country due to religious persecution and are asylum applicants in the United States. (*See* ECF No. 5-1 at 2.) Petitioners entered the United

---

[1] The facts are not disputed by the parties. (ECF Nos. 5, 10.) A more detailed factual background is set out in the TRO. (ECF No. 8.)

1

1  States without inspection and approached immigration officials to claim asylum.  (*Id.* at 2–3.)
2  After Petitioners were determined not to be a flight risk nor danger to the community, Petitioners
3  were released on conditional parole under their own recognizance pursuant to 8 U.S.C. § 1226.
4  (ECF No. 1 at 5–6.)

5        During their years of parole, Petitioners developed community ties in the United States,
6  obtained work authorization and supported their families, obeyed all laws, and complied with all
7  conditions of their release.  (ECF Nos. 1 at 5–7; 5-1 at 3.)  Petitioners attended all of their court
8  hearings, timely filed their applications for asylum, attended their biometrics appointments, and
9  have never been arrested.  (ECF Nos. 1 at 5–7; 5-1 at 3.)  Their asylum applications are still
10 pending.

11       Nevertheless, on December 10, 2025, Petitioners were stopped by U.S. Department of
12 Homeland Security ("DHS") officials.  (ECF No. 5-1 at 3.)  The DHS officers inquired about
13 their immigration status, and when Petitioners disclosed they were asylum applicants and showed
14 officers their identification, the officers arrested them.  (ECF No. 1 at 7.)  Petitioners contend they
15 were arrested despite following all laws and despite showing officers valid work permits and
16 driver's licenses.  (*Id.*)  DHS did not identify any changed circumstances to justify cancelling
17 Petitioners' parole.  (ECF No. 1 at 3–4.)  Petitioners were detained without any notice or an
18 opportunity to be heard.  (ECF No. 5-1 at 3.)  Petitioners were detained for over a month without
19 hearings.

20       Petitioners jointly challenged the lawfulness of their civil detention.  (*See* ECF Nos. 1, 5.)
21 On January 16, 2026, the Court granted a TRO ordering Petitioners' immediate release from
22 detention.[2]  (ECF No. 8.)  Now the Court determines whether the relief granted in the TRO
23 should continue as a preliminary injunction.

24     **II.**    **STANDARD OF LAW**

25       For a preliminary injunction, courts consider whether a petitioner has established "[1] that
26 he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence

---

[2]  Respondents did not affirm in their response that they have released Petitioners.  Thus, the Court now seeks a notice certifying compliance with the January 2, 2026 TRO.

2

1  of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is
2  in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner
3  must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v.*
4  *Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

5        In evaluating a petitioner's motion, a district court may weigh petitioner's showings on
6  the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the
7  hardships may support issuing a preliminary injunction even where the petitioner shows that there
8  are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a
9  likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a
10 petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the
11 balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary
12 injunction.  *Id.* at 1134–35.

13      **III.**    **ANALYSIS**

14       This Court has already found that Petitioners established each of the *Winter* elements
15 sufficient to warrant relief, as set forth in the TRO, including likely violations of the Immigration
16 and Nationality Act and the Fifth Amendment Due Process Clause.  (ECF No. 8.)  Because the
17 standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary
18 injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.
19 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

20       In opposition to a preliminary injunction, Respondents assert in a conclusory fashion that
21 "the detention authority in this case is lawful," ostensibly referring to 8 U.S.C. § 1225(b).  (ECF
22 No. 10 at 1.)  This Court has already found, in this case and dozens of other cases, along with
23 courts nationwide, that Respondents legal position subjecting noncitizens like Petitioner to
24 mandatory detention under 8 U.S.C. § 1225(b) is incorrect, and that Petitioner's detention is
25 instead governed by 8 U.S.C. § 1226(a).  (*See* ECF No. 8.)  As this Court warned in its TRO:
26 Absent new argument, case law, or distinguishable facts, this Court will not reconsider its
27 position.  Respondents concede they have none.  Thus, the Court will not alter its findings.

28       Respondents also request the Court set a 180-day briefing schedule on the Petition for

3

Writ of Habeas Corpus. (ECF No. 10 at 1.) As this Court has already found Petitioners are likely to succeed on the merits of their claims, it sees no reason to extensively delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim. However, the Court refers this matter to the U.S. Magistrate Judge to set out a briefing schedule.

### IV. CONCLUSION

Therefore, to prevent further irreparable harm, the Court issues a preliminary injunction as set forth below. IT IS HEREBY ORDERED:

1. By January 27, 2026, Respondents must file a notice certifying compliance with this Court's Temporary Restraining Order and identifying the date Petitioners were released.
2. Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioners' terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.
3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining either Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, the Petitioner shall be allowed to have counsel present.
4. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 26, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE