UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M., et al., | No.  1:26-cv-00241 TLN SCR |
| Petitioners, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioners are two federal immigration detainees proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.    Factual and Procedural Background**

Petitioners Mohit M. and Himanshu H. are Indian asylum seekers whom immigration officials released pursuant to 8 U.S.C. § 1226 on May 29, 2023, and June 3, 2024, respectively. ECF No. 1 at 2, ¶ 1.  Petitioners filed this § 2241 petition on January 13, 2026, challenging the revocation of their respective releases without a pre-deprivation hearing under the Due Process Clause of the Fifth Amendment, Administrative Procedure Act, and INA.  Id. at 33-37.

On January 16, 2026, Chief Judge Nunley granted Petitioners' motion for temporary

1

restraining order ("TRO") and ordered their immediate release under the prior conditions of release. ECF No. 8. The TRO further enjoined and restrained Respondents from "re-arresting or re-detaining Petitioners absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of the Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Petitioner poses a danger to the community or a flight risk." Id. On January 26, 2026, Judge Nunley converted the TRO into a preliminary injunction ("PI") and referred the matter to the undersigned for further proceedings. ECF No. 12.

On January 27, 2026, Respondents a notice of compliance confirming Petitioners' release and requested to suspend briefing for 180 days. ECF No. 13. The undersigned denied the request to suspend briefing and ordered Respondents to file an answer/return to the petition or to stand on the TRO/PI briefing. ECF No. 14.

In response, Respondents filed a motion to dismiss for improper joinder. ECF No. 15. Respondents argue that dismissal is proper because there is no legal authority for permitting two petitioners to file a single habeas petition. Id. at 1. Further, in light of the high number of habeas cases being filed in this judicial district, Respondents maintain that "joinder of several petitioners in one habeas petition increases the possibility of inadvertent oversight or error at each step of the process, from case intake, to documentation of any court orders, to notification to the facilities, to record-keeping." Id. Petitioners oppose dismissal and argue the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a) are met here. ECF No. 16 at 4. If the Court determines those requirements are not met, they request severance under Rule 21 as opposed to dismissal. Id. at 5. With this background in mind, the undersigned turns to Respondents' motion to dismiss and the merits of the § 2241 petition.

## II.   Analysis

### A.  Misjoinder is Not Grounds to Dismiss the Entire § 2241 Petition

The undersigned recommends that Respondents' motion to dismiss the petition as improperly joined be denied. Rule 21 of the Federal Rules of Civil Procedure makes clear that

2

the "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21; see also Rule 12, Rules Governing Habeas Corpus Cases Under Section 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").[1]  Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (noting that the proper remedy for misjoinder is to "sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.").

Respondents have not identified any authority supporting misjoinder as grounds to dismiss the entire petition.  Respondents cite Acord v. California, 2018 WL 347770, at *1 (E.D. Cal., Jan. 10, 2018), where the Court noted "permitting multiple petitioners to file a single habeas petition under 28 U.S.C. § 2254 . . . generally is not permitted."  ECF No. 15 at 1.  But there, the Court dismissed the entire action for failure to prosecute, not for improper joinder.  Acord, 2018 WL 347770, at *4.  The cases the Court cited in Acord regarding misjoinder similarly do not support Respondents' request to dismiss the petition in its entirety.  For example, in Watkins v. Hedgpeth, No. 1:07-cv-0767 AWI DLB HC, 2007 WL 2109255, at *1 (E.D. Cal. July 23, 2007), District Judge Ishii allowed a § 2254 to move forward with the first-named petitioner but dismissed the second petitioner and directed him to file a separate § 2254 petition.

Further, during the recent wave of immigration habeas cases, the judges of this judicial district have rejected similar categorical arguments against the joinder of multiple noncitizens in a single § 2241 petition:

> [I]t is not unprecedented for a district court to issue injunctive relief to multiple immigration detainees joined into one habeas Petition. See Ortuno v. Jennings, No. 20-CV-02064-MMC, 2020 WL 1701724, at *1 (N.D. Cal. Apr. 8, 2020). In addition, the Court agrees with Petitioners that the allegations in this habeas case involve a "systemic pattern of events" that is common to all Petitioners. Moreover, nothing in the record suggest joinder would run afoul of "fundamental fairness" or would result in prejudice to either side. Here, to the contrary, this case has efficiently brought the claims of six Petitioners before the Court.

Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5,

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to habeas corpus petitions under 28 U.S.C. § 2241.

3

2025).  The instant § 2241 petition likewise brought the two petitioners' factually similar revocation of release claims to the Court in an efficient manner.  The undersigned appreciates Respondents' points regarding the administrative burdens associated with multi-petitioner immigration habeas actions but is not persuaded that those hardships warrant dismissal of this action.

Accordingly, the undersigned recommends that Respondents' motion to dismiss the petition for improper joinder be denied.  Because Respondents sought only to dismiss the petition, the undersigned declines to sua sponte consider whether one of the Petitioners should be severed.  Moreover, because Respondents have not put forth any reasons why Judge Nunley's TRO and PI orders should not dictate the outcome of the merits of the § 2241 petition (other than their misjoinder arguments), the undersigned recommends that the PI be converted into a permanent injunction and Petitioner's § 2241 be granted on Petitioner's due process claim (Count 1).  See Hortua v. Chestnut, No. 1:25-cv-1670 TLN JDP, 2025 WL 3525916, at *4 (E.D. Cal. Dec. 9, 2025) (holding that the revocation of release/parole without pre-deprivation notice and hearing violated due process).

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Respondents' motion to dismiss (ECF No. 15) be DENIED.

2.      Petitioners Mohit M.'s and Himanshu H.'s application for a writ of habeas corpus (ECF No. 1) be granted on Count 1 (Due Process Clause of the Fifth Amendment) as follows:

   a.   Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioners' terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

   b.   Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining either Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed

circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, the Petitioner shall be allowed to have counsel present.

3.      The Clerk of the Court be directed to enter judgment in Petitioners' favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5