UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

M., et al.,

Petitioners,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-00241 TLN SCR

**ORDER**

Petitioners are federal immigration detainees who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 17.)  Respondents filed objections to the findings and recommendations, objecting for the reasons indicated in their prior responsive pleading.  (ECF No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1.    The findings and recommendations (ECF No. 17) are ADOPTED in full.

2.    Respondents' motion to dismiss (ECF No. 15) is DENIED.

3.    Petitioners Mohit M's and Himanshu H.'s Application for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

4.    Respondents are ENJOINED and RESTRAINED from imposing additional restrictions on Petitioners' terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

5.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioners absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioners' removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioners appear at future immigration proceedings outweighs Petitioners' constitutionally protected interests in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioners shall be allowed to have counsel present.

6.    The Clerk of the Court is directed to enter judgment in Petitioners' favor and close the case.

IT IS SO ORDERED.

Date: May 14, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

2